The Honorable Mark Martin State Representative 123 North Pittman Street Prairie Grove, Arkansas 72753-2935
Dear Representative Martin:
I am writing in response to your request for an opinion regarding the relationship between a provision in Act 1480 of 2009 and A.C.A. § 14-40-303(c)(1)(A). You describe what you call an "apparent conflict" between the Act and subsection 14-40-303(c)(1)(A):
 Act 1480 of 2009 amended . . . Ark. Code Ann. § 14-40-303(b)(1) to require a special election for an annexation to be called in accordance with Ark. Code Ann. § 7-11-201 et seq. Act 1480 further created Ark. Code Ann. § 7-11-205(b)(2), which requires a special election . . . [that is held at some other time than the primary election to be held 50 or more days after] the authorizing document is filed with the County Clerk. Finally, Ark. Code Ann. § 14-40-303(c)(1)(A) requires the City Clerk to submit a certified copy of the authorizing document to the County Clerk at least . . . [60 days before] the election.
Your specific question is:
 Given the apparent conflict between Ark. Code Ann. § 7-11-205(b)(2), requiring a special election to be held not less than fifty days following the date an authorizing document is filed with the County Clerk, and Ark. Code Ann. § 14-40-303(c)(1)(A), requiring that an authorizing document be filed with the County Clerk at least sixty days before the special election, which is controlling? *Page 2 
RESPONSE
The specific two provisions you ask about are not incompatible, in my opinion. Therefore, neither "controls" the other.
The first statute you reference prescribes a 50-day window before which the election cannot be held:
 If the special election is not held at the same time as a preferential primary election or general election, the special election shall be held not less than fifty (50) days following the date that the proclamation, ordinance, resolution, order, or other authorized document is filed with the county clerk.
A.C.A. § 7-11-205(b)(2) (as enacted by Act 1480 of 2009). The second statute you reference, subsection 14-40-303(c)(1)(A), lists one of the city clerk's obligations leading up to an annexation election:
 The city clerk shall certify two (2) copies of the annexation ordinance and a plat or map of the area to be annexed and convey one (1) copy to the county clerk and one (1) copy to the county election commission at least sixty (60) days before the election.
In my opinion, the two timelines do not conflict. First, the two timelines do not explicitly contradict each other. They would explicitly contradict each other if both timelines gave different durations tied to the same event. For example, the two timelines would be explicitly incompatible if one timeline required the election be held 50 or more days after the authorizing document was filed while the other timeline required the election be held 60 or more days after the authorizing document was filed.
Second, because there is no explicit contradiction, I must assess whether there is any implicit contradiction such that following one timeline would preclude following the other. No such implicit contradiction appears to exist because following both timelines seems feasible. While the two timelines are worded very differently, they both require that a certain event occur a certain number of days before the election. Subsection 14-40-303(c), requires the city clerk to perform certain actions at least 60 days before the election. Subsection 7-11-205(b)(2) *Page 3 
requires that the relevant documents be filed with the county clerk at least 50 days before the election. It is feasible for both timelines to be adhered to because adhering to one does not, in principle, violate the other. Either the 60-day timeline is adhered to or not. If not, then the statutory procedures have already been violated and it may not matter whether the relevant documents are timely filed with the county clerk according to the 50-day timeline. If the city clerk complies with the 60-day timeline, such compliance does not necessarily inhibit the timely filing of the relevant documents with the county-clerk. Because compliance with both timelines is feasible, neither statute controls the other, in my opinion.
As with any statutory timeline, however, it is certainly possible that the timeline could be violated if the people charged with carrying out certain actions on the timeline are not diligent, or because some non-culpable extenuating circumstance occurs. But if the timelines are violated for either reason, the violation is not due to the timeline itself. Practically speaking, the entity setting the date for the special election must consider these two timelines and set the election on a date that allows for enough time to meet the two timelines.[1]
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/RWO:cyh
[1] A.C.A. § 7-5-204(a)(1) (as enacted by Act 1480 of 2009) (stating: "the authorizing document . . . shall state . . . the date of the special election. . . .") *Page 1